# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

**VICTOR CANCEL**, ) **D.C. CV. NO. 2010-036**
        Petitioner, )
) Ref: D.C. CR. NO. 2008-031
    v. )
)
**UNITED STATES OF AMERICA**, )
        Respondent. )
_____ )

**Copies to:**
    George W, Cannon, Magistrate Judge
    Denise A. Hinds, AUSA
    Victor Cancel, Reg. No. 33200-069, Federal Correctional Institution Miami, P.O. Box 779800 Miami, FL 33177 (Please Mark: "LEGAL MAIL")

# MEMORANDUM OPINION

**FINCH, Senior Judge**

    This matter comes before the Court on Petitioner Victor Cancel's ("Cancel") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and the government's motion to dismiss.

**I.    FACTS AND PROCEDURAL HISTORY**

    Insofar as this opinion is written solely for the parties, only those facts relevant to this discussion will be recited. In August 2008, law enforcement received a tip from the National Center for Missing and Exploited Children that Cancel would be traveling to the Dominican Republic in September 2008 to engage in sexual activity with a minor girl. Cancel traveled to the Dominican Republic to meet the fourteen (14) year old minor and did engage in illicit sexual conduct with said minor several times

during his stay. Using his cell phone, Cancel took photographs of the illicit sexual conduct with the minor. On his way back to St. Croix, U.S. Virgin Islands, Cancel's flight connected through the Luis Muñoz Marín International Airport in Carolina, Puerto Rico ("LMMI Airport"). Prior to Cancel's arrival in Puerto Rico, the Puerto Rico Customs and Border Protection ("CBP") agents were alerted by Virgin Islands Immigration and Customs Enforcement ("ICE") agents of Cancel's alleged conduct in the Dominican Republic. Upon arrival in Puerto Rico, Cancel's cell phone was searched and agents found photographs of Cancel engaging in illicit sexual conduct with the minor girl.

Cancel was arrested at the LMMI Airport for possessing sexually explicit photos of himself with an underage girl on his cell phone. Cancel was indicted in both Puerto Rico and the U.S. Virgin Islands. Cancel was charged in Puerto Rico with producing child pornography to which he pled guilty in January 2009 and received a sentence of 15 years incarceration. On December 18, 2008, an indictment was returned by a federal grand jury in St. Croix, U.S. Virgin Islands charging Cancel with traveling with the intent to engage in illicit sexual conduct and engaging in illicit sexual conduct in a foreign place. In the Virgin Islands, Cancel pled guilty in January 2009 to one count of traveling with the intent to engage in illicit sexual conduct with a minor and was sentenced to 46 months incarceration to be served concurrent to the sentence imposed in Puerto Rico Criminal No. 2008/369.

Cancel filed the instant Section 2255 motion alleging:

1) That there was no probable cause to arrest and search.

2) That his arrest, detention, indictment, and conviction stem from an unlawful search of his cell phone, and the fruit of that search should have been suppressed.

3) That his appointed counsel was ineffective in failing to file "notice to the Court" as to his mental state after the death of his wife under Rule 32(d)(E)(2)(A)(iii) ("any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment").

4) That due to his incompetence at the time of his arrest, he could not knowingly give consent to the search and the waiver of his *Miranda* rights was unknowing and involuntary.

5) That his Federal Public Defender in Puerto Rico, Hector Guzman, Esq., should have known to seek suppression of his statements under Rule 12(b)(3)(C) because he was mentally incompetent to waive his *Miranda* rights.

6) That had counsel in PR and the VI communicated with each other, the outcome of his case would have been different.

7) That his sentence in Puerto Rico was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 552 U.S. 38 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007).

8) That his appeal was dismissed due to counsel's failure to prosecute the appeal.

9) That there was insufficient evidence to sustain a conviction.

The government moves to dismiss Cancel's Section 2255 motion on grounds that he expressly waived the right to appeal or collaterally challenge the judgment.

## II. DISCUSSION

### A. Applicable Legal Standards

A district court must hold an evidentiary hearing on a § 2255 motion asserting ineffective assistance for failure to file a direct appeal when the files and records of the case do not conclusively show that the petitioner is not entitled to relief. *United States v. McCoy*, 410 F.3d 124 (3d Cir. 2005). The court has reviewed Cancel's motion, as well as the record, and concludes that an evidentiary hearing is not required. *See* 28 U.S.C. § 2255.

A Section 2255 motion is not a substitute for a direct appeal and serves only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000). To prevail in a § 2255 motion alleging constitutional error, a petitioner must establish an error of constitutional magnitude which had a "substantial and injurious effect or influence" on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Petersen v. United States*, No. CV. 1998-066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003). Even an error that may justify a reversal on direct appeal

will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).

Claims of ineffective assistance of counsel must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690. Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id.* at 694-95.

**B. Analysis**

A defendant may waive the right to direct and collateral attack, provided the waivers are "entered into knowingly and voluntarily, and their enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008). Because an enforceable waiver of collateral review would necessarily preclude our exercise of jurisdiction over the instant Section 2255 motion, the Court must first address the waiver provision in Cancel's plea agreement. The plea agreement states in relevant part:

> **Waiver of Appeal**: The defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, he agrees that in the event the Court sentences him to a term of imprisonment of 57 months or lower, regardless of how the sentence is calculated by

>       the Court, then he expressly waives his right to appeal
>       the conviction and sentence imposed in this case on any
>       ground, including the right to appeal conferred by Title
>       18, United States Code, Section 3742. ***Additionally, he
>       also expressly agrees not to contest his conviction or
>       sentence or the manner in which it was determined in any
>       collateral attack, including, but not limited to, an
>       action brought under Title 28, United States Code,
>       Section 2255.*** This waiver of appeal specifically
>       includes all provisions of the sentence imposed in this
>       case, including the terms of the supervised release and
>       the amount of any restitution, fine or forfeiture.

(*United States v. Cancel*, D.C. CR. NO. 2008-031, Plea Agreement at 10-11, ¶ 14 (emphasis added).)

To determine if Cancel's waiver of collateral attack bars review under Section 2255, this Court must consider:

> (1) whether the waiver 'of the right to collaterally attack [his] sentence was knowing and voluntary;' (2) 'whether one of the specific exceptions set forth in the [plea] agreement prevents the enforcement of the waiver;' *i.e.,* what is the scope of the waiver and does it bar collateral review of the issue pressed by the defendant; and (3) 'whether enforcing the waiver would work a miscarriage of justice.'

*See, e.g., United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (considering waiver of appellate review) (quoting *United States v. Jackson,* 523 F.3d 234, 243 (3d Cir. 2008)).

Cancel does not allege that he entered into the plea agreement unknowingly and involuntarily.[1] The Court must then consider whether one of the specific exceptions set forth in the plea

---

[1] "The constitutional requirement that a guilty plea be knowing and voluntary is embodied in Federal Rule of Criminal Procedure 11." *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006).

agreement prevents the enforcement of the waiver. In the event the Court sentenced Cancel to a term of imprisonment of more than 57 months, Cancel reserved the right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Here, Cancel was sentenced to 46 months, well below the 57-month threshold that would have triggered his right to appeal. As such, no exception to the waiver is applicable here. Lastly, the Court must examine whether enforcing the waiver would work a miscarriage of justice. To do so, the Court looks at the sentence imposed. Using the November 2007 advisory Sentencing Guidelines Manual ("USSG"), the offense level for traveling to engage in illicit sexual activity with a minor was 24. USSG Section 2G1.3(4) enhanced the offense level by two (2) points, bring the offense level to 26. With acceptance of responsibility as per USSG Section 3E1.1, Cancel's offense level dropped to 23 which carried an advisory range of 46-57 months. Cancel was sentenced to 46 months, the bottom of the range. Where, as here, the sentence was less than the statutory maximum and was not an upward departure from the applicable USSG range, the Court cannot find that imposing the waiver would work a miscarriage of justice. Accordingly, this Court finds that Cancel's motion pursuant to 28 U.S.C. § 2255 is barred by the waiver provision in his plea agreement. *See, e.g., United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) (holding that the court will not exercise

jurisdiction if waiver is knowing and voluntary and does not result in a miscarriage of justice).

## III. CONCLUSION

For the foregoing reasons, the Court will grant the government's motion to dismiss Cancel's motion pursuant to 28 U.S.C. § 2255. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). There being no "substantial showing" that Cancel's constitutional rights were violated, a certificate of appealability will not be issued. *See United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011). An appropriate order follows.

**DATED** this 19 day of September 2011.

**E N T E R:**

/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**